# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Tonopah Solar Energy, LLC, et al., | : | Bankruptcy No. 20-11884 (KBO) |
| | : | BAP No. 20-00065 |
| Debtors. | : | |
| _____ | : | |
| | : | |
| CMB EXPORT, LLC, CMB INFRASTRUCTURE INVESTMENT GROUP IX, LP, SOLARRESERVE CSP HOLDINGS, LLC, | : : : : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 20-1749-MN |
| | : | |
| TONOPAH SOLAR ENERGY, LLC, | : | |
| | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **17th** day of **February, 2021.**

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

As a result of the parties on this appeal joint letter submission, both agree that mediation of this Appeal would be futile.

This appeal arises out of a chapter 11 case filed by Appellee in the Unites States Bankruptcy Court for the District of Delaware.  On December 9, 2020, that court entered Findings of Fact, Conclusions of Law and Order Confirming Chapter 11 PLan for Tonopah Solar Energy, LLC, confirming the Second Amended Chapter 11 Plan for Tonopah Solar Energy, LLC (the "Plan.").  The effective date of the Plan occurred on December 18, 2020.  On December 23, 2020, Appellants filed a notice of appeal regarding the Confirmation Order.  Appellants maintain that the Plan does not satisfy the requirements for confirmation under 11 U.S.C. § 1129.  Appellee does not believe that the nature of the issues on this Appeal are susceptible to a negotiated resolution.  Further, the parties previous mediation efforts in connection with confirmation of the Plan before the Honorable Brendan L. Shannon were unsuccessful in resolving the Plan confirmation related issues.  Therefore, the parties on appeal do not believe that further mediation would be productive.  Both request removal of this Appeal from the mandatory mediation requirement.

The appealing parties are unable to agree on when the briefing on the merits of Appeal should occur in relation to dispositive motions.   That is, one party asserts that  briefing on the merits should not be held in abeyance until such time as this Court rules upon any dispositive motions.  The other party requests that briefing on the merits of this Appeal not occur until after this Court rules upon any dispositive motion.  Thus, the  parties propose conflicting timing and order of briefing on the merits and dispositive motions.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated since it is consistent with the position of the parties dueling requests.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge